Dear Mr. Cabra:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment for the parish coroner's emergency certificates for residents who reside inside a municipality rather than outside an incorporated area of the parish. The Police Jury does not feel they are responsible for certificates issued for residents of a municipality in the Parish, but only for those certificates issued for residents in the unincorporated areas. Accordingly, you ask for an opinion on this issue.
A similar issue was previously considered by this office in Atty. Gen. Op. No. 89-248 in regard to the responsibility of the City of Lake Charles for payment of a physician's emergency certificate. It was concluded that a private physician conducting a mental status examination for the issuance of a physician's emergency certificate does so as an assistant to the parish coroner, and the bill submitted is on behalf of the private physician who issued the certificate. It was stated, "Hence the City of Lake Charles would be responsible to the coroner for those authorized fees billed by him on behalf of the attending or assisting physicians in emergency certificate cases where the examination and issuance of the certificate occurred within the city limits of Lake Charles."
In subsequent opinions, Atty. Gen. Op. No. 90-386 and 90-386A, this office again considered the payment of coroner's fees by either the municipality or the parish. In a brief opinion in 90-386 it was stated that where the examination and issuance of the emergency physician's certificate occurs within the city limits the municipality is responsible for the fee, and the parish is responsible for all examinations and issuance of emergency certificates or commitments outside municipal limits.
However, pursuant to additional questions and request for further explanation, this office rendered Atty. Gen. Op. No. 90-386A. It was related in the request for reconsideration that the parish coroner had his professional office and performed many of his compensable duties within the municipality, and this has placed an inequitable financial burden upon the municipality in which his office is situated under the policy that the political subdivision in whose territorial jurisdiction the services are performed by the coroner is responsible for his fees and compensation. Finding that the geographical circumstance of the location of the coroner's office seemed to defeat the legislative intent and proportionality, this office concluded as follows:
 The best solution here for all would be some type of cooperative endeavor justified by the legal obligation obtaining for all of the governing authorities to pay some portion of the compensation of the coroner, whereby all political subdivisions in the parish would concur in a joint responsibility to pay all the coroner's fees and compensation. The coroner would submit one bill, which would be paid by all under an agreed schedule of percentages to be paid by each political subdivision. * * * *
 This proposal is a statutorily authorized type of cooperative endeavor, and is merely offered as a possible solution. Reason, equity and efficiency recommend it. Otherwise, you are legally required to continue following the geographical situs standard outlined above.
To achieve a cooperative endeavor between the Parish and municipalities in the Parish would appear consistent with R.S.33:1556 relative to fees for coroner's services for emergency certificates under the provisions of Paragraph (A)(3) which is as follows:
 The coroner shall receive a reasonable fee or compensation, as agreed by the coroner and the governing authority of the parish or municipality, for any physical or mental examination or investigation when requested by the district attorney, any judge, sheriff, chief of police, or by any responsible citizen or resident, when acting in good faith in any emergency and in the furtherance of the public good and safety.
Of course, this must be read with R.S. 28:53 in the Mental Health provisions which sets forth that there is need for an examination and issuance of an emergency certificate for transportation and confinement of a patient to a mental health facility, along with the requirement for a second examination within seventy-two hours at the facility. It is provided in R.S.28:53(G)(4) that "the first examiner and the re-examiner shall be entitled to the fee for the service, unless they are one and the same". It then provides in section (G)(5) that when the person is confined in a facility other than a state institution the examining coroner where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing, and when confined in a state institution in a parish other than his domicile, the examining coroner shall be entitled to the fee authorized in his parish for the service. It then states the following:
 In either case, the fee shall be paid and accurate records of such payments kept by the governing authority of the parish in which the patient is domiciled or residing from parish funds designated for the purpose of payment to the coroner.
We find no jurisprudence in regard to the responsibility of fees for emergency certificates although it was observed inCarriere v. St. Landry Parish Police Jury, 707 So.2d 97 (La. 1998), that the R.S. 33:1556 addresses responsibility for payment for coroner's fees, and found Paragraph (B) mandates the parishgoverning body "pay all `necessary or unavoidable' operational expenses of the coroner's office, and (D) and (E) dividingresponsibility for payment of various fees between the parish andmunicipalities."
Therefore, based upon earlier opinions of this office and a reading of the statutes together, it appears under R.S.33:1556(A)(3) that the geographical location determines responsibility for payment for a coroner's emergency certificate by dividing the responsibility for payment by geographical location of the individual's residential location between those in an incorporated area and those outside of an incorporated area in the parish, and the mental health law refers to the usual payment authorized in the parish. However, the payment in the Parish may be the responsibility of a municipality.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICAHRD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
RPI/bbr